**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 05-6307

ROBIN W. VANDERWALL,

Plaintiff - Appellant,

versus

CITY OF VIRGINIA BEACH; ALFRED M. JACOCKS,
Chief of Police; K. A. SPIVEY, Detective,
Virginia Beach Police Department; L. M. KINCH,
Detective, Computer Crimes Unit; T. M. AIKEN,
Forensic Technician, Virginia Beach Police
Department; M. E. ENCARNACAO, Computer Crimes
Specialist, Virginia Beach Police Department;
JERRY KILGORE, Attorney General, Commonwealth
of Virginia; SPECIAL PROSECUTOR, Office of the
Attorney General, Commonwealth of Virginia;
JOHN R. DOYLE, III, Commonwealth's Attorney,
City of Norfolk; JILL C., Assistant
Commonwealth's Attorney; JANET L. WESTBROOK,
Assistant Commonwealth's Attorney; JOHN DOE,
Unknown Computer User,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.  James C. Cacheris, Senior
District Judge. (CA-05-50-1)

Submitted:  June 23, 2005              Decided:  June 30, 2005

Before WIDENER, MICHAEL, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robin W. Vanderwall, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Robin W. Vanderwall appeals the district court's order denying relief without prejudice on his 42 U.S.C. § 1983 (2000) complaint. We have reviewed the record and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court.[*] See Vanderwall v. City of Va. Beach, No. CA-05-50-1 (E.D. Va. Feb. 16, 2005). We deny Vanderwall's motion for appointment of counsel and dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court, and argument would not aid the decisional process.

AFFIRMED

---

[*]Even if Vanderwall's claims were not barred by Heck v. Humphrey, 512 U.S. 477 (1994), he claims that the allegedly improperly seized internet communications were not his; therefore he has no right to challenge the seizure. In any event, the record supports no claim of a Fourth Amendment violation.